11 F.3d 1069
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Janet C. HARMON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3259.
 United States Court of Appeals, Federal Circuit.
 Oct. 8, 1993.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Janet C. Harmon appeals the final decision of the Merit Systems Protection Board (MSPB) (Docket No. PH0831920542-I-1), affirming the decision of the Office of Personnel Management (OPM), which denied her application for a survivor annuity. We affirm.
 
 DISCUSSION
 
 2
 By letter of February 17, 1992, petitioner applied for a former spouse's survivor annuity under Section 4(b) of the Civil Service Retirement Spouse Equity Act of 1984, Pub.L. No. 98-615, 98 Stat. 3195, as amended, based on the federal service of her former husband, Alvin L. Harmon. The petitioner and Mr. Harmon were married on February 3, 1955, and were divorced on January 16, 1973. Mr. Harmon retired under the Civil Service Retirement Act on September 3, 1991. He elected an annuity plan payable only during his lifetime. He died January 23, 1992.
 
 
 3
 Under Section 4(b) of Pub.L. No. 98-615, a divorced former spouse of a civil service annuitant is entitled to receive a survivor annuity, provided the applicant satisfies the statutory criteria. The criterion that is specifically applicable in this case is section 4(b)(1)(B)(iv) which states that entitlement to the annuity is limited to cases in which:
 
 
 4
 (iv) the former spouse filed an application for the survivor annuity with the [Office of Personnel Management] on or before May 7, 1989.
 
 
 5
 In an initial decision of April 22, 1992, followed by a reconsideration decision of July 9, 1992, the OPM denied Mrs. Harmon's application on the ground that she failed to comply with the statutory requirement by filing her application with the OPM on or before May 7, 1989. Her appeal to the MSPB followed.
 
 
 6
 Mrs. Harmon does not deny that she failed to file her application within the statutory deadline. However, she treats the Spouse Equity Act as a statute of limitations and argues that it should be tolled, because she had no notice of her rights prior to the May 1989 deadline.
 
 
 7
 In Iacono v. Office of Personnel Management, 974 F.2d 1326 (Fed.Cir.1992), this court was confronted with a factual situation very similar to the one presented in this case. In that case, the former spouse failed to meet the statutory deadline but argued that the time requirement should be waived, because she was unaware of it and was mentally disabled during the entire time when she could have filed her application. In her appeal to this court, we held that the filing deadline in the Spouse Equity Act is not a statute of limitations that can be tolled on equitable grounds. Instead, we decided that compliance with the statutory time limit is a condition that must be met to establish eligibility for the annuity. Accordingly, adherence to our decision in that case requires us to affirm the decision of the MSPB.